U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 21  AM 8:41

LORETTA G. WHYTE
        CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TRACY EUGENE | CIVIL ACTION |
| VERSUS | NO. 05-1959 |
| WARDEN VIATOR | SECTION "N" (6) |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b) (1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

In this habeas petition, TRACY EUGENE seeks relief from his May 2003 state court conviction for one count of distribution of cocaine, a violation of La. R.S. 40:967, for which he was sentenced to a term of fifteen years.[1] Upon receipt of Eugene's petition, the court noted certain

---

[1] *State v. Eugene,* Criminal Docket No. 03-1854, 24th Judicial District Court, Parish of Jefferson, Louisiana. The court notes that the State had not yet been ordered to file a response to Eugene's petition before Eugene filed a request for dismissal with this court. Thus no state record is available for review.

___ Fee___
___ Process___
_X_ Dktd___
_✓_ CtRmDep___
___ Doc. No.___

deficiencies and ordered that Eugene provide sufficient supporting facts for his claims.[2] After requesting one extension of time, Eugene filed, on July 13th, 2005, a motion for dismissal without prejudice of his habeas corpus action.[3] According to Eugene's motion for dismissal, four of the five claims raised in the federal habeas petition have never been fully litigated in the state courts.

Federal law is clear that a state prisoner must exhaust available state court remedies as to each ground upon which he claims entitlement to *habeas corpus* relief. 28 U.S.C. § 2254(b)(1); *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198 (1982); *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827 (1973); *Serio v. Members of the Louisiana Board of Pardons*, 821 F. 2d 1112, 1117 (5th Cir. 1987). A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief. *Rose*, 455 U.S. at 522, 102 S. Ct. at 1205.

Eugene concedes that he has failed to exhaust available state court remedies before he filed his federal *habeas* petition. To satisfy the exhaustion requirement, "a habeas petitioner must have fairly presented the substance of his claim to the state courts." *Anderson v. Johnson*, 338 F.3d 382 (5th Cir. 2003), citing *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *Picard v. Connor*, 404 U.S. 270, 275-76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). Until such action has been taken, a remedy will be available to petitioner under state law. Therefore, petitioner's habeas corpus petition must

---

However, the pleadings filed as well as the published appellate decision in *State v. Eugene*, 871 So.2d 584 (La. Ct. App. 5th Cir., 3/30/04) are sufficient for this court's determination.

[2]See Order dated June 3rd, 2005, Fed. Rec. Doc. 3.

[3]See Fed. Rec. Doc. 6.

2

be dismissed without prejudice to allow the state courts an opportunity to rule on the merits of Tracy Eugene's claims.

## RECOMMENDATION

It is therefore **RECOMMENDED** that Tracy Eugene's Motion for Dismissal (Fed. Rec. Doc. 6) be **GRANTED**.

It is further **RECOMMENDED** that the petition of Tracy Eugene for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.[4]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 20th day of July, 2005.

LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE

CLERK TO NOTIFY COUNSEL

---

[4] Eugene is cautioned to adhere to the federal limitations period set forth in 28 U.S.C. Section 2244(d)(1) and (2). He should promptly file an action in state court seeking to exhaust his claims.

3